■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT BARKEY, Appellant.— Order, Supreme Court, Bronx County, entered June 21, 1971, denying a motion to vacate the judgment rendered October 21, 1970 convicting the defendant upon his plea of guilty of the crime of possession of an unregistered rifle (New York Administrative Code, § 436-6.9), a misdemeanor, and sentencing him to probation for a period of one year, reversed on the law and the facts, the motion granted, the judgment rendered October 21, 1970 vacated, and the matter remanded, and defendant permitted to plead anew to the indictment. Defendant used a rifle in resisting vandals at his father's home. He seemingly also resisted the police who later arrived. He was indicted for reckless endangerment in the first degree, resisting arrest, menacing and possession of an unregistered rifle. He pleaded guilty to the latter to cover all charges on the basis that he believed himself to be "technically" guilty of that crime. As a matter of fact, the rifle was registered. He now asks that the judgment be vacated and the indictment dismissed. While the indictment cannot be dismissed, there is sufficient basis shown for vacating the guilty plea and the judgment and giving the defendant the opportunity to plead anew. Concur — McGivern, J. P., Kupferman, Tilzer and Eager, JJ. Murphy, J., dissents in the following memorandum: The defendant in his affidavit of May 29, 1971 states that "Nothing here should be construed as a desire on the part of the defendant to retract his plea or to have the Court nullify it in his behalf. To do so would presumably reopen the entire case for a new episode of trial tribulations." Obviously the relief granted by the majority is not what the defendant is seeking. As pointed out by the Trial Judge in his order of June 17, 1971, the application is to vacate the judgment of conviction but to have the plea remain in full force and effect. Since there is no basis for this relief the trial court properly advised the defendant that if he "feels that his conviction is invalid or void, it is suggested that he retain counsel or apply to the Legal Aid for assistance." The plea was freely taken to cover an indictment for reck-

less endangerment of the police officers and resisting arrest. I doubt if this defendant really wants to stand trial on these charges and we should certainly not read more into his application than he asks. Should he desire the relief granted him by the majority he may so move as indicated by the trial court. I would affirm.